**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER WILLIAM HARRIS, | No. 24-347 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-00989-KKE |
| v. | |
| AMERICAN BEHAVIORAL HEALTH SYSTEM, Inpatient Facility; DONYES, Ms., Drug Counselor - SUDP ABHS; PROSECUTING ATTORNEY; LISA COMBS, US Probation, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Kymberly K. Evanson, District Judge, Presiding

Submitted October 15, 2025**

Before: FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Christopher William Harris appeals pro se from the district court's order

dismissing his action alleging federal and state law claims arising from the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

disclosure of his medical information. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). We affirm.

The district court properly dismissed Harris's action because Harris failed to allege facts sufficient to state any plausible claim. *See id.* (explaining that the Health Insurance Portability and Accountability Act does not provide a private right of action); *Ranger Ins. Co. v. Pierce County*, 192 P.3d 886, 889 (Wash. 2008) (elements of a negligence claim under Washington law); *Mohr v. Grant*, 108 P.3d 768, 773 (Wash. 2005) (elements of a defamation claim under Washington law); *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 899 P.2d 6, 9 (Wash. App. 1995) (elements of a breach of contract claim under Washington law); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Harris's motion to transfer venue. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (setting forth standard of review and providing that a district court "has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness" (citation and internal quotation

marks omitted)).

The district court did not abuse its discretion in denying Harris leave to amend his complaint because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied where amendment would be futile).

All pending motions and requests are denied.

**AFFIRMED.**